UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NELSON FORTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:11-cv-00230-DBH |
| | ) |
| HARTFORD LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant | ) |

**ORDER ON MOTIONS**

Nelson Fortin has filed a motion requesting leave to modify the record in this case and also asking leave to take additional discovery. (Doc. No. 16.) I now deny both requests.

The motion to modify the record primarily requests that I strike the affidavit of Bruce Luddy because it is "self-serving" and is not properly part of the administrative record. The affidavit, while not mandated by the scheduling order, is clearly anticipated by requiring the defendant to furnish "all materials, to the extent they exist, documenting procedures used to prevent or mitigate the effect of structural conflicts." (Doc. No. 12 at 2.) The Luddy affidavit is simply Hartford's attempt to comply with that provision. It complies with Denmark v. Liberty Life Assurance Co. of Boston, 566 F.3d 1, 10 (1st Cir. 2009) ("Denmark III"), in that it leaves the substantive administrative record essentially undisturbed and provides the court and the plaintiff with Hartford's background information concerning its procedures. There is no reason to strike the affidavit. Its "self-serving" nature can be considered and argued in briefs, but it is what it is.

Plaintiff proposes that he be allowed to conduct discovery by serving upon the Defendant a set of seven interrogatories. Those interrogatories request information about the compensation

paid to MCMC, the claim reviewer, the total number of claims administered by Defendant under the disability plan during the 3.5 years preceding the date of Plaintiff's claim, the number of those claims referred to MCMC, the number of claims that MCMC recommended be denied, the number of claims that actually resulted in a denied claim, the efforts made to consult with Dr. Brozman, and finally, whether Hartford advised Fortin that it had been unable to consult with Dr. Brozman before it made its final decision. The first five interrogatories are plainly generic questions that are not case specific and would do nothing to further this Court's review of the evidence in this administrative record. Even if MCMC recommended that claims be denied 100% of the time and Hartford denied those claims 100% of the time, it would add nothing to this record in terms of the decision made in this individual case. As Hartford correctly points out, its claim decisions are based on the entire administrative record, not solely the reviews provided to it by MCMC and this Court is not in a position to evaluate the merits of 3.5 years of denied claims under this disability plan. The last two interrogatories are more focused because they are case specific and present a closer question, but in the final analysis it does not appear to me that discovery is necessary or appropriate in this case. Hartford's failure to confer with Dr. Brozman is indisputable and is clearly a factor that this Court must consider in determining whether or not the decision to deny benefits was arbitrary.

According to the background provided in Plaintiff's motion papers, Dr. Brozman, the treating physician, provided medical reports to Hartford from 2003 to 2008, resulting in an award of benefits for over four years. In 2008, Hartford terminated benefits, allegedly relying on Brozman's reports and the MCMC review conclusion that Fortin had the functional ability to return to the workforce on a full-time basis. According to Fortin, Hartford relied upon a report from Brozman that consisted of nothing more than two check marks on a form when it made its

decision to terminate benefits. According to Fortin, Brozman later clarified that the check marks did not indicate Fortin could do a higher amount of activity than stated in previous reports. All of this information is already part of the record. Neither Hartford nor MCMC ever conferred with Brozman to obtain additional clarification, but ultimately Hartford upheld the earlier decision to terminate the benefits based on the review and the Brozman report. Whether or not Hartford's decision to forego any further consultation with Brozman was arbitrary and resulted in a final decision that must be vacated by this Court will be determined based upon the evidence, or lack thereof, existing in the administrative record.

The motions are **DENIED**.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

November 29, 2011 /s/ Margaret J. Kravchuk
U.S. Magistrate Judge